IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                                    *
THOMAS C. LATONA, et al.,
                                    *
     Plaintiffs,
                                    *
          v.                            CIVIL NO.: WDQ-09-2050
                                    *
PFIZER, INC.,
                                    *
     Defendant.
                                    *
```

*    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

Thomas, Kenneth and Josiah LaTona sued Pfizer, Inc. for violating the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Pending is Pfizer's motion to dismiss or, in the alternative, for summary judgment. For the following reasons, the motion to dismiss will be granted.

I.   Background

The Plaintiffs' father, Donald LaTona, was employed by Pfizer and participated in its Savings Plan ("the Plan") until his death in May 2005. Amend. Compl. ¶¶ 9, 10, 15.[1] When he died, LaTona had $1,942,865.46 in his Plan account. *Id*. ¶ 10.

---

[1] The Plaintiffs allege that the Plan is within ERISA's definition of an "employee welfare benefit plan," and is subject to regulation under the statute. *See* 29 U.S.C. § 1002. This legal conclusion will be assumed for this motion because Pfizer has not disputed it.

LaTona had not designated a beneficiary[2] under the Plan, but his will directed that half of the account be distributed to his wife and half be divided evenly among the Plaintiffs. *Id*. ¶ 11. When LaTona died, Pfizer disbursed all the funds to LaTona's wife. *Id*. ¶ 16.

---

[2] Under § 2.13 of the Plan:

"Beneficiary" means:

(a)   the person or persons that the Member has designated, in the Appropriate Form, to receive the value of his Account upon his death.

(b)   In the case of a married Member the Beneficiary shall automatically be the Member's surviving legal spouse unless such spouse consents in writing, on the Appropriate Form, to the designation of a non-spouse Beneficiary.

(c)   In the absence of any designation of Beneficiary by a Member . . . the Member's Account shall be paid to the first category of survivor in the following order in equal shares.  The Member's . . .:

          i.   surviving legal spouse;
          ii.  surviving children;
          iii. surviving parents;
          iv.  surviving brothers and sisters; or
          v.   executor or administrator

Def.'s Mot. to Dismiss, Ex. 1-B [hereinafter "Plan"]. Pfizer attached a copy of the Plan to its motion.  Because the Plaintiffs relied on the Plan in their Amended Complaint, the Court may consider it without converting Pfizer's motion into one for summary judgment. *See Darcangelo v. Verizon Commc'ns*, 292 F.3d 181, 195 n.5 (4th Cir. 2002) (district court properly considered ERISA Plan submitted with 12(b)(6) motion).

The Plan was amended in January 2004 to state:

> Effective with deaths occurring on or after March 15, 2004, in the absence of any designation of Beneficiary by a Member . . . the Member's . . . Account shall be paid to the first category of survivor in the following order in equal shares.  The Member's . . .:
>
> > i.   surviving legal spouse; or
> > v.[sic] executor or administrator.

Plan § 2.13.  The Plaintiffs "believe and therefore aver" that LaTona was not notified of this amendment.  Amend. Compl. ¶¶ 14, 15.  They allege that if LaTona had been notified, he would have filed a beneficiary designation consistent with his will, *i.e.*, directing that half of the balance in the account be given to his wife and half be divided among the Plaintiffs.  *Id*. ¶¶ 14, 15.

The Plaintiffs filed a claim with Pfizer for half the funds in the account.  *Id*. ¶ 18.  On June 21, 2007, Pfizer denied their claim.  *Id*.  On August 4, 2009, the Plaintiffs sued Pfizer and the Pfizer Savings Plan Committee.  Paper No. 1.  On September 30, 2009, the Plaintiffs amended their complaint, withdrawing their jury demand and dropping their claims against the Committee. Paper No. 9.  On October 20, 2009, Pfizer moved to dismiss for failure to state a claim or, in the alternative, for summary judgment.  Paper No. 11.

II.  Analysis

A.   Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted.

Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To present a facially plausible complaint, a plaintiff must do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts as pleaded must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" the plaintiff is entitled to relief. *Id*. at 1950. When the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader

is entitled to relief.  *Id*.

The Court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are mere[] conclus[ions], unwarranted deductions of fact, or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).

B. ERISA

The Plaintiffs cite 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3) as the bases for their suit.[3]

1.  Section 1132 (a)(1)(B)

Under § 1132(a)(1)(B), "a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  Under this provision, a beneficiary may sue for promised benefits that have not been provided.  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

The Plaintiffs contend that they are beneficiaries[4] under

_____

[3] The Plaintiffs refer to these provisions by their ERISA section numbers, 502(a)(1)(B) and 502(a)(3).  The Court's citations will be to the United States Code.

[4] As Pfizer has not challenged the Plaintiffs' standing, the

the Plan and are entitled to half of the funds in their father's account.  They argue that Pfizer should have disbursed the account funds according to LaTona's will.

When a court reviews a denial of benefits under ERISA, it must "initially decide whether a benefits plan's language grants the administrator or fiduciary the discretion to determine the claimant's eligibility for benefits, and, if so, whether the administrator acted within the scope of that discretion." *Gallagher v. Reliance Standard Life Ins. Co.*, 305 F.3d 264, 268 (4th Cir. 2002).  To determine whether the plan grants such discretion, a court engages in *de novo* review.  *See Booth v. Wal-Mart Stores*, 201 F.3d 335, 341 (4th Cir. 2000).  When a plan gives the fiduciary or administrator discretion, a "reviewing court may reverse the denial of benefits only upon a finding of abuse of discretion."  *Elliott v. Sara Lee Corp.*, 190 F.3d 601, 605 (4th Cir. 1999).  Under the abuse of discretion standard, "the administrator's decision will not be disturbed if it is the result of a deliberate, principled reasoning process and . . . supported by substantial evidence."  *Id*.

Under § 15.1(ii) of the Plan, "the [Savings Plan] Committee shall make, in its sole discretion, all determinations arising in the administration, construction or interpretation of the Plan [and has] the right to construe disputed or doubtful Plan terms

---

Court will assume that they have standing to pursue an action

and provisions[.]"  By granting the Committee discretion to "make all determinations arising in the administration . . . of the Plan," the provision gives the Committee discretion to determine a claimant's eligibility for benefits.  Thus, the abuse of discretion standard applies.

The Plaintiffs have not alleged facts showing the Committee abused its discretion by denying their claim.  Under 2.13(b) of the Plan, "[i]n the case of a married Member, the Beneficiary shall automatically be the Member's surviving legal spouse unless such spouse consents in writing, on the Appropriate Form, to the designation of a non-spouse Beneficiary."  Section 2.13(c) states that the member's surviving legal spouse shall receive the account funds if the member has not designated a beneficiary. The Plaintiffs allege that LaTona was survived by his wife, to whom Pfizer disbursed the account funds in accordance with §2.13(b)-(c) of the Plan.

The Plaintiffs argue that before the January 2004 amendment to § 2.13(c), in the absence of a beneficiary designation, the Plan provided that the account would be paid to a participant's estate[5]; thus, because the Plaintiffs were to receive half of the

---

under ERISA.

[5] The Amended Complaint alleges that before the January 2004 amendment to § 2.13, the Plan would pay the account balance to the participant's estate if the participant had not designated a beneficiary.  Although pled as a factual allegation, this is the Plaintiffs' interpretation of the Plan, *i.e.*, a legal conclusion. On a 12(b)(6) motion, the Court is "not bound to accept as true a

account balance under LaTona's will, they were LaTona's
beneficiaries under the pre-January 2004 Plan. This argument
acknowledges that under the Plan rules in effect when LaTona
died--including the January 2004 amendment--the Plaintiffs were
not entitled to LaTona's benefits.  Thus, the Plaintiffs seem to
argue that the January 2004 amendments wrongfully divested them
of their status as beneficiaries.

     Although the January 2004 amendment to § 2.13(c) altered the
order in which a member's account funds would be distributed, it
did not change the rule that the participant's surviving legal
spouse shall "automatically" be the beneficiary unless the spouse
consented otherwise.  Nor did it change the rule that absent a
beneficiary designation, the funds would be paid first to the
"surviving legal spouse."  The January 2004 amendment merely
revised the order in which the funds would be paid *if the
participant did not have a surviving spouse*.  The Plaintiffs have
not alleged that LaTona's wife consented to a "designation of a
non-spouse Beneficiary," as required by §2.13(b).  Nor have they
made other allegations showing that the Committee abused its
discretion.  They have failed to state a claim under §
1132(a)(1)(B).

          2.   29 U.S.C. § 1132(a)(3)

     Section 1132(a)(3) permits a civil action by a "participant,

---

legal conclusion couched as a factual allegation." *Papasan v.*

beneficiary, or fiduciary" to obtain "appropriate equitable relief" for certain ERISA violations.  The Plaintiffs argue that Pfizer breached its fiduciary duty to them by failing to notify LaTona about the January 2004 amendment.  They argue that if LaTona had been properly informed about the changes, he would have designated them as beneficiaries under the Plan.

Assuming, *arguendo*, that Pfizer breached a duty to the Plaintiffs to properly inform their father about the January 2004 amendment, the relief the Plaintiffs seek is not "appropriate equitable relief" under § 1132(a)(3).  That section "authorizes only those categories of relief that were typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)."  *Rego v. Westvaco Corp.*, 319 F.3d 140, 145 (4th Cir. 2003).

The Plaintiffs seek "an order that [Pfizer] pay the Plaintiffs the benefits due them under the Pfizer Savings Plan and in accordance with [LaTona's will]."  Amend. Compl. Prayer for Relief.  They also seek "a monetary judgment for the amount claimed."  *Id.*  The Plaintiffs' claim is for money damages, which may not be awarded under § 1132(a)(3).[6]  *See Rego* 319 F.3d at 145-

---

*Allain*, 478 U.S. 265, 286 (1986).

[6] In *Rego v. Westvaco Corporation*, the plaintiff sued for breach of fiduciary duty under § 1132(a)(3), alleging that the defendants failed to provide him "complete and accurate information" regarding his benefits plan, which caused a devaluation of his stock.  *Rego*, 319 F.3d at 142. He sought an "order of specific performance requiring defendants to issue him

46.  Accordingly, the Plaintiffs have failed to state a claim under § 1132(a)(3).

III. Conclusion

For the reasons stated above, Pfizer's motion to dismiss will be granted.

February 2, 2010                    _____/s/_____
Date                                William D. Quarles, Jr.
                                    United States District Judge

---

. . . $85,000 in stock."  *Id.* at 144.

The Fourth Circuit affirmed the district court's dismissal of the plaintiff's § 1132(a)(3) claim because the relief requested "was not fairly classifiable as equitable." *Id.* at 145. The Fourth Circuit rejected the argument that the plaintiff's demand could be classified as for "equitable restitution."  *Id.* Explaining that equitable restitution is only available when "money or property identified as belonging in good conscience to the plaintiff [that] could clearly be traced to particular funds or property in the defendant's possession," the court held the doctrine inapplicable because the defendant had already disbursed the plaintiff's alleged share of his benefit plan.

Here, the Plaintiffs' demand is not for equitable restitution because the funds they seek have been distributed to LaTona's surviving spouse.